R. H. GREEN WHOLESALE CO. *v.* HALL *et al.*

(Division A. Jan. 23, 1939.)

[185 So. 807. No. 33526.]

Hall & Hall, of Columbia, and **Lotterhos & Travis** and **Vardaman S. Dunn**, all of Jackson, for appellant.

298

**Martin & Farr,** of Prentiss, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Rowan Hall, for himself and as agent of his brothers Reed Hall and Rome Hall, bought from appellant a bushel of a seed corn, represented by appellant to be Hastings Prolific Seed Corn. Upon the delivery, the three brothers divided the bushel among themselves, each taking his part, and each planted his part of the seed on his own separate land, so that in the crops produced there was no common or joint interest in the three brothers, but the interest of each therein was separate and distinct as to his own crop.

The seed corn delivered by appellant was not Hastings Prolific Seed Corn, but an extremely inferior seed, with the result that the crops were far short of what would have been produced had the seed corn been of the variety warranted by appellant. The three brothers joined as plaintiffs in a suit in the circuit court, the amended declaration demanding as damages for Rowan Hall $117.50, for Reed Hall $175, and for Rome Hall $75.50.

Under Section 171, Const. 1890, original jurisdiction in actions at law wherein the amount in controversy shall not exceed the sum of $200 is vested in justices of the peace, and under Section 156 the circuit court has no jurisdiction of such petty demands, except on appeal. It is observed that the separate demand of each of the plaintiffs is less than $200, while the sum of the three exceeds that amount. The question is whether such separate and distinct demands may be joined in a single suit so as to make up an amount sufficient to confer original jurisdiction on the circuit court.

That the claims joined in this case are in law separate

and distinct is well disclosed by the illustration used in Newton Oil & Mfg. Co. v. Sessum, 102 Miss. 181, 189, 59 So. 9, 10, wherein the Court said: "Two or more owners of mills propelled by water are interested in preventing an obstruction above that shall interfere with the downflow of the water, and may unite to restrain or abate it as a nuisance; but they cannot, hence, united in an action for damages, for, as to the injury suffered, there is no community of interest. There is no more a common interest than though a carrier had, at one time, carelessly destroyed property belonging to different persons, or the lives of different passengers."

The jurisdictional question involved being one which is controlled by the Constitution itself, no statutory device or rule of practice can be invoked to avoid or circumvent the plain provisions of the Constitution on the subject. The rule as regards actions at law for damages seems to be without dissent as follows: Where several claimants have separate and distinct demands against a defendant or defendants and join in a single suit to enforce them, they cannot be added together to make up the required jurisdictional amount, but each separate claim furnishes the jurisdictional test. An elaborate annotation disclosing and supporting the rule, as stated, is found in 72 A. L. R. p. 193 et seq. It follows that the circuit court had no jurisdiction of the action, and that the judgment must be reversed and the cause dismissed, but without prejudice to actions separately instituted in the proper court. It may be said that the constitutional provision in question works a hardship in this case, but we have no dispensing power over it.

Reversed and dismissed without prejudice.